UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

Present: The Honorable     STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [11]

### I. Introduction

Before the Court is Plaintiff Armando Escamilla Bastida's motion for remand. ECF No. 11. For the following reasons, Plaintiff's motion is GRANTED.

### II. Background

On August 18, 2023, Plaintiff leased a new 2023 Ford Ranger (hereinafter the "Subject Vehicle"). Compl. ¶ 6, ECF No. 1-2. The total sale price of the Subject Vehicle was $54,959.52, and its cash value at the time of purchase was $31,695. Purchase Agreement, ECF No. 13-2.

Plaintiff did not purchase the Subject Vehicle outright; he instead entered into a purchase agreement. *Id.* Plaintiff put $3,000 down and agreed to pay $721.66 per month for 72 months, starting on October 2, 2023. *Id.* The Subject Vehicle came with various warranties, including that the Subject Vehicle was "free from all defects in material and workmanship" and that "Defendant would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure the Vehicle was free from any defects." Compl. ¶ 7.

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

Plaintiff alleges that despite these warranties, the Subject Vehicle suffered from serious defects and nonconformities to warranty. *Id.* ¶ 9. Plaintiff accordingly presented the Subject Vehicle to Defendant for repair "on numerous occasions." *Id.* ¶ 16. Defendant, however, failed to remedy the defects in the Subject Vehicle. *Id.* ¶ 18.

As a result, Plaintiff "revoke[d] acceptance of [his] Lease Agreement" and brought implied and express warranty claims under the Song-Beverly Act. *See generally id.* ¶¶ 10; 24-50. Plaintiff sought "restitution of the amount actually paid or payable" under his purchase agreement, "consequential or incidental damages in amounts yet to be determined," and "attorneys' fees." *Id.* ¶¶ 37-38. Plaintiff also requested a "civil penalty in the amount of two times Plaintiff's actual damages." Compl. at 10. He did not support this last request with any allegations.

Defendant removed this case to federal court on March 20, 2025 on the basis of diversity jurisdiction. ECF No. 1. Plaintiff responded on April 18, 2025 by moving to remand. ECF No. 11.

### III. Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a)–(a)(1). "'The burden of establishing federal jurisdiction is on the party invoking federal

:

| | |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

jurisdiction.'" *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3–4 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, No. EDCV 19-967 PSG (RAOx), 2020 U.S. Dist. LEXIS 51882, *3 (C.D. Cal. Mar. 24, 2020). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

### IV. Discussion

Defendant removed this case based on diversity jurisdiction. Diversity jurisdiction requires two elements: (1) complete diversity of citizenship between the parties; and (2) that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a)–(a)(1). For the reasons explained below, Defendant fails on step two: it cannot establish that the amount in controversy is above $75,000.

#### A. Amount in Controversy

Defendant contends that the amount in controversy is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. The Court addresses all three below.

##### i. Actual Damages

Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C).

Here, Plaintiff's complaint seeks "*restitution* of the amount actually paid or payable under" his purchase agreement. Compl. ¶ 37. This is a slightly confusing ask, as the "amount actually paid" and the amount "payable under" Plaintiff's purchase agreement is not the same.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

The amount actually paid under Plaintiff's contract includes his $3,000 down payment plus the monthly payments made before this lawsuit was filed. Neither party specifies how many payments Plaintiff made, but assuming he stopped when he filed suit on January 17, 2025, he would have made sixteen payments of $721.66—totaling $11,546.56. Adding this to his down payment, the "amount actually paid" under Plaintiff's purchase agreement was $14,546.56.

The amount payable under Plaintiff's purchase agreement is different. That would be the total amount Plaintiff agreed to pay under the purchase agreement: $54,959.52.

For what it's worth, Defendant contends that the "actual price paid or payable" in this case is a third figure: $47,815.88. Decl. of Ashley Maxwell ¶ 9. But Defendant does not explain how it came to that number. And the Court cannot see how $47,815.88 could possibly be the correct figure in this case.

For Plaintiff's part, he argues in his reply for a fourth measure of actual damages: $32,985—the "total cash price" of the Subject Vehicle. The Court is not persuaded that this figure represents either the "amount actually paid" under the purchase agreement or the "amount payable." *See* Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Plaintiff provides no evidence that he has actually paid $32,985. And the "amount payable" under his purchase agreement is plainly $54,959.52, not $32,985.

Accordingly, given that neither Plaintiff nor Defendant's proposed actual damages figure is persuasive, the Court returns to its original dilemma: whether actual damages are $14,547.56—the amount actually paid—or $54,959.52—the amount payable. While Plaintiff technically requests both, his complaint makes clear that the former, $14,547.56, is the appropriate figure.[1] Plaintiff seeks *restitution* of the amount actually paid or payable under his purchase agreement. The general principle of restitution, of course, "seeks to restore the plaintiff to his or her original position." *Botnick v. BMW of N. Am., LLC*, No.

---

[1] This is ultimately a moot distinction. Even if the Court used the $54,959.52 figure, Defendant would still not establish an amount in controversy above $75,000, as the Court does not find consideration of civil penalties or attorneys' fees appropriate given Plaintiff's allegations and Defendant's evidence. (*See* Section A(ii)).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT                                      JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

20-cv-10880, 2021 WL 2804899, at *2 (C.D. Cal. July 6, 2021). An actual damages figure of $14,547.56 is consistent with this general principle. Awarding that amount would "restore [Plaintiff] to his . . . original position." *See id.* Awarding $54,959.52, the vast majority of which Plaintiff has not paid, would not. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("Limiting [a plaintiff's] recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole.").

This calculation, however, does not end the analysis of actual damages. Courts must consider the "reduction in value 'directly attributable to use by the buyer,'" often referred to as a "mileage offset." *Casillas v. Nissan N. Am., Inc.*, No. 8:22-cv-02013-DOC-JDE, 2023 WL 2634285, *2 (C.D. Cal. Mar. 23, 2023) (quoting Cal. Civ. Code § 1793.2(d)(2)(B)-(C)). The mileage offset is the actual price of the new vehicle paid or payable by the buyer multiplied by a fraction composed of a denominator of 120,000 and a numerator of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle for repair. *Watson v. BMW of N. Am., LLC*, No. 2:22-cv-01514-DAD-JDP, 2022 U.S. Dist. LEXIS 192386, at *7 (E.D. Cal. Oct. 20, 2022).

Defendant, who bears the burden of establishing that the amount in controversy is over $75,000, does not provide the information necessary to calculate this figure: namely, the number of miles traveled by the Subject Vehicle at the time of the first repair. Defendant, of course, has access to this information. Plaintiff alleges that he brought the Subject Vehicle for repair at Defendant's "authorized service and repair facilities," and Defendant provides no reason to doubt this allegation. Compl. ¶ 16. Because Defendant fails to provide the information necessary for the Court to determine the mileage offset, it has failed to carry its burden of establishing actual damages. *See Wyatt v. Mercedes-Benz USA, LLC*, No. 23-cv-06422, 2023 WL 6908367, at *3 (C.D. Cal. Oct. 19, 2023) (granting remand in part because "Defendant has not provided a mileage offset estimate"); *Perkins v. Mercedes-Benz USA, LC*, No. 22-cv-03540-CRB, 2022 WL 95294151, at *5 (N.D. Cal. Oct. 14, 2022) (same).

Moreover, even if the Court ignored this deficiency, Defendant still fails to establish the amount in controversy. Actual damages are $14,546.56. So even adding in civil penalties (two times actual

:

Initials of Preparer           PMC

UNITED STATES DISTRICT COURT                                JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

damages) and attorneys' fees (which Defendant estimates as $15,000), the amount in controversy would only reach $58,639.68—less than the $75,000 threshold for diversity jurisdiction.

### ii.  Civil Penalties and Attorneys' Fees

Even accepting Defendant's actual damages figure of $47,815.88 or the "amount payable" figure of $54,959.52, the amount in controversy still falls short. The Court finds it inappropriate to include civil penalties or attorneys' fees given Plaintiff's allegations and the limited evidence presented.

### a. Civil Penalties

Damages under the Song-Beverly Act include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code § 1794(c). These civil penalties, however, are only available if the Defendant violated the Act willfully. Cal Civil Code § 1794(c). Plaintiff does not do that here. Rather, he simply requests civil penalties in his complaint. At no point does he allege that Defendant willfully violated the Song-Beverly Act. Nor does he suggest a willful violation through his factual allegations.

In such scenarios where willful violation of the Act is alleged conclusory by plaintiffs, district courts are split on whether these civil penalties may be considered when determining the amount in controversy. To be sure, some district courts have considered these penalties in meeting the amount in controversy. *See e.g.*, *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *8–9 (including civil penalties in amount in controversy); *Gonzalez*, 2020 U.S. Dist. LEXIS 51882, at *8–9 (same); *Ayala*, 2021 U.S. Dist. LEXIS 120298, at *10 (same); *Modiano v. BMW of N. Am. LLC*, No. 21-cv-00040-DMS-MDD, 2021 U.S. Dist. LEXIS 49293, at *8–9 (S.D. Cal. Mar. 16, 2021) (same).

However, other courts have been more reluctant to do so. They note that "a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy." *Vega v. Ford Motor Co.*, No. 2:22-cv-01392-FLA (PDx), 2023 U.S. Dist.

:
_____    _____
Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

LEXIS 140798, *5 (C.D. Cal. Aug. 11, 2023); *see also Estrada v. FC US LLC*, No. 2:20-cv-104530PA (JPRx), 2021 U.S. Dist. LEXIS 12394, *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was too speculative and not adequately supported by the facts and evidence).

The Court finds the latter approach more persuasive. Defendant bears the burden of establishing removal jurisdiction by a preponderance of the evidence. *Garrett*, 2023 U.S. Dist. LEXIS 61312, *5. A bare request for civil penalties—without even a conclusory allegation of willfulness, let alone facts making willfulness plausible—falls short of that standard. Allowing such minimal allegations to support removal would run counter to the "strong presumption against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992).

Courts that have included Song-Beverly Act civil penalties in the amount in controversy often reason that requiring defendants to identify non-speculative reasons that a civil penalty may be imposed "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *See, e.g., Selinger v. Ford Motor Co.*, No. 2:22-cv-08883-SPG-KS, 2023 U.S. Dist. LEXIS 61254, 2023 WL 2813510, at *28 (C.D. Cal. Apr. 5, 2023). But that argument misunderstands what Defendant must show. Defendant must show only that there are allegations in Plaintiff's complaint that rise beyond mere speculation or conclusory theorizing; Defendant is not required to provide any evidence that those allegations in Plaintiff's complaint are true. *Garrett*, 2023 WL 2813564, at *1) (declining to consider civil penalties because "Defendant has not bothered to cite a single specific allegation from the Complaint, raise any actual argument regarding 'willfulness' or apply analogous precedent to the facts of this case").

In sum, the Court finds that Plaintiff's bare request for civil penalties, unsupported by any allegations of willfulness, is insufficient. Accordingly, the Court will not consider Song-Beverly Act civil penalties when calculating the amount in controversy.

|  | : |
|---|---|
| Initials of Preparer | PMC |

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | | JS-6 |
| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

### b. Attorneys' Fees

Also, in support of the amount in controversy, Defendant asserts attorneys' fees of at least $15,000, arguing that this is a reasonable estimate based on other Song-Beverly Act cases. The Court is not convinced by this argument.

"Prevailing case authority does not support the proposition that district courts weighing subject matter jurisdiction in Song-Beverly Act claims must assume that the upper extreme of attorney[s'] fee awards granted in other Song-Beverly Act cases must be included in the amount in controversy. If this were the law, district courts would be unable to remand Song-Beverly Act cases for insufficient amounts in controversy. District courts, however, regularly do so." *Vega*, 2023 U.S. Dist. LEXIS 140798 at *7–8. "Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the [C]ourt finds Defendant has failed to submit evidence substantiating any specific amount of attorney[s'] fees in controversy." *Id.* at *8.

In sum, given Plaintiff's allegations and the evidence Defendant presents in support of its position, considering civil penalties or attorneys' fees to determine the amount in controversy would be improper. The Court therefore finds that, even crediting Defendant's actual damages figure of ~$47,000, Defendant has failed to show by a preponderance of the evidence that the amount in controversy is above $75,000.

## B. Complete Diversity

Because the Court has already determined that Defendant did not establish the required amount in controversy for diversity jurisdiction, the Court need not evaluate whether the complete diversity requirement is met.

## V. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for remand.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00751-SVW | Date | June 6, 2025 |
|---|---|---|---|
| Title | *Armando Escamilla Bastida v. Ford Motor Company et al.* | | |

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |